UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATTISHA ENTERPRISES, INC., a corporation,<br><br>                          Plaintiff,<br><br>v.<br><br>CAPITAL ONE, N.A.; DOES 1 to 25, inclusive,<br><br>                         Defendants. | Case No.: 3:20-cv-01366-BEN-RBB<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>**[ECF No. 7]** |

This matter comes before the Court on Defendant Capital One, N.A.'s ("Capital One") Motion to Dismiss the Complaint filed by Plaintiff Attisha Enterprises, Inc. ("Attisha Enterprises"). As specific state laws apply to these allegations that displace the pleaded common law claims, the motion to dismiss is **granted with leave to amend**.

## I.     BACKGROUND[1]

On March 12, 2020, Attisha Enterprises filed suit against Capital One in San Diego County Superior Court alleging common law claims of negligence, conversion, and

---

[1] The following overview of the facts is drawn from the Complaint, ECF No. 1-2, which the Court assumes true in analyzing Capital One's motion to dismiss. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court is not making factual findings.

money had and received. Compl., ECF No. 1-2. Capital One was served with the Summons and Complaint on June 19, 2020, and timely removed the action to this Court on July 17, 2020. ECF No. 1. Capital One thereafter filed this motion to dismiss. ECF No. 7.

The claims here involve a wire transfer. On or about May 14, 2018, Attisha Enterprises entered into a purchase agreement to buy the Sweetwater 24/7 Convenience Store and Chevron Gas Station. Compl., ECF No. 1-2, ¶ 9. The parties to the purchase agreement opened escrow with TICOR Title Company of California ("TICOR"). *Id*. As part of the purchase agreement, Attisha Enterprises was to deposit $100,000.00 to be held in escrow by TICOR. *Id*. at ¶ 10.

On September 27, 2018, Attisha Enterprises received fraudulent wire instructions from the unnamed Defendants,[2] who were fraudsters using the name TICOR Title Company of California and a Capital One account number. *Id*. Attisha Enterprises caused $100,000.00 to be wired from its account to the fraudsters' account at Capital One because it did not know these instructions were fraudulent and not from TICOR. *Id*. at ¶ 11. Capital One accepted the wire transfer. *Id*. at ¶ 12.

Some time later, Attisha Enterprises realized the wire instructions were fraudulent and contacted Capital One. *Id*. at ¶ 13. It requested that Capital One not release the funds. *Id*. Nonetheless, Capital One allowed the account owner, who was not TICOR, to withdraw the majority of the funds. *Id*. The Complaint is unclear about when Attisha

---

[2] Naming "Doe" defendants implicates Rule 4 of the Federal Rules of Civil Procedure, which requires service of the complaint. *See Keavney v. Cty. of San Diego*, No. 19-cv-1947-AJB-BGS, 2020 WL 4192286, at *4-5 (S.D. Cal. Jul. 21, 2020) (noting that "it is effectively impossible for the United States Marshal or deputy marshal to fulfill his or her duty to serve an unnamed defendant"); *see also* Fed. R. Civ. P. 4(m) (providing that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."). More than 100 days have passed since the complaint was filed. Therefore, Attisha Enterprises is hereby cautioned the Doe defendants will be dismissed without prejudice if those defendants are not served within thirty days of this Order.

Enterprises realized the wire instructions were fraudulent, when and how it notified Capital One of the issue, and when the fraudsters withdrew most of the funds. Attisha Enterprises alleges that $25,000.00 remains in the account, but that Capital One refuses to return the funds to Attisha Enterprises. *Id*.

Attisha Enterprises alleges Capital One had "actual knowledge" the account holders were not in fact TICOR based on Capital One's internal procedures for opening a business account. *Id*. at ¶ 8. It argues Capital One owed a duty of care to Attisha Enterprises to not "allow persons or entities to open accounts in the name of another person or entity known not to actually be that person or entity" and that Capital One breached that duty by accepting and depositing the wire transfer in the numbered account. *Id*. at ¶¶ 15-16. Attisha Enterprises further alleges that once it notified Capital One of the fraudulent wire instructions, Capital One was obligated to return the funds but did not do so. *Id*. at ¶ 22.

## II.     LEGAL STANDARD

A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or absence of sufficient alleged facts under a cognizable legal theory. *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When considering a Rule 12(b)(6) motion, the Court "accept[s] as true facts alleged and draw[s] inferences from them in the light most favorable to the plaintiff." *Stacy v. Rederite Otto Danielsen*, 609 F.3d 1033, 1035 (9th Cir. 2010). A plaintiff must not merely allege conceivably unlawful conduct but must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

If a court dismisses a complaint, it may grant leave to amend unless "the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

## III.  ANALYSIS

Attisha Enterprises alleges common law claims for negligence, conversion, and money had and received. *See generally* Compl., ECF No. 1-2. Capital One argues that all claims are barred by Uniform Commercial Code Article 4A, codified at Division 11 of the California Commercial Code, and that even if some claims are not barred the Complaint contains insufficient factual allegations to plausibly state a claim for relief. Mot., ECF No. 7, 1-2. The Court examines each claim in turn.

### A.  Negligence

Attisha Enterprises' first claim alleges negligence. Compl., ECF No. 1-2, ¶¶ 14-19. The elements of a negligence claim are (1) the existence of a duty to exercise due care; (2) breach of that duty; (3) causation; and (4) damage. *See, e.g.*, *Merrill v. Navegar, Inc.*, 26 Cal. 4th 465, 500 (Cal. 2000). However, the negligence claim alleges three separate negligent acts. "A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones." Fed. R. Civ. P. 8(d)(2). "If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient." *Id*. Accordingly, the Court evaluates each alleged negligent act and determines whether any one of those allegations is sufficient to withstand the motion to dismiss. Because, as set out below, each allegedly negligent act is insufficient in at least one respect, the Court dismisses the negligence claim without prejudice.

#### 1.  Negligent Account Opening

Attisha Enterprises first alleges Capital One negligently allowed an entity that was not TICOR to open an account in TICOR's name. *See* Compl., ECF No. 1-2, ¶ 15 ("Capital One had a duty of care and obligation to Plaintiff and other members of the public not to allow persons or entities to open accounts in the name of another person or

entity known not to actually be that person or entity"). Capital One argues this common law claim is displaced by the California Commercial Code. Mot., ECF No. 7, 4-7. Alternatively, Capital One argues California law does not impose on banks a duty of care towards noncustomers, and thus, the allegation fails to state a cognizable legal theory for recovery. *Id*. at 7-8.

"The California Uniform Commercial Code does not automatically displace all other legal principles." *Zengen, Inc. v. Comerica Bank*, 41 Cal. 4th 239, 247 (Cal. 2007). Instead, it provides that "[u]nless displaced by the particular provisions of this code, the principles of law and equity, including the law merchant and the law relative to capacity to contract, principal and agent, estoppel, fraud, misrepresentation, duress, coercion, mistake, bankruptcy, or other validating or invalidating cause shall supplement its provisions." *Id*. (quoting Cal. Com. Code § 1103). Thus, a plaintiff may bring a cause of action for negligence, conversion, or money had and received "unless some particular provisions of the California Uniform Commercial Code [has] displaced them." *Id*.

Capital One argues this claim arises from a wire transfer that Capital One allegedly should not have executed. Mot., ECF No. 7, 3-4. Common law claims involving wire transfers, Capital One contends, are displaced by the duties, allocation of risk, and remedies available in the California Commercial Code. *Id*.

However, at least with respect to the alleged fraudsters' opening of an account with Capital One, the California Commercial Code provisions regarding wire transfers do not apply. Section 11104 applies to "funds transfer[s]," defined as "the series of transactions, beginning with the originator's payment order, made for the purpose of making payment to the beneficiary of the order." Cal. Com. Code § 11104(a). Nothing in that section applies to opening an account Capital One allegedly knew was being created in a fraudulent name. Accordingly, this allegedly negligent act is not displaced by the California Commercial Code.

Turning to the factual sufficiency of the allegations, Capital One correctly notes that in California, "absent extraordinary and specific facts, a bank does not owe a

fiduciary duty of care to a noncustomer." *Software Design & Application, Ltd. v. Hoefer & Arnett, Inc.*, 49 Cal. App. 4th 472, 479 (Cal. Ct. App. 1996). Even "[v]iolation of a self-imposed rule does not create actionable negligence unless plaintiff (1) suffers the type of harm sought to be prevented by the rule and (2) is a member of the class of people for whose protection the rule was promulgated." *Id*. at 482 (citing *Fireman's Fund Ins. Co. v. Security Pacific Nat. Bank*, 85 Cal. App. 3d 797, 829 (Cal. Ct. App. 1978)). However, "this general proposition of non-liability is far from a per se rule." *Bear Stearns and Co. v. Buehler*, 23 Fed. App'x 773, 776 (9th Cir. 2001). If the circumstances surrounding the opening of the accounts were suspicious as to trigger a duty to investigate a potentially phony account, such a duty to investigate a suspicious account opening may arise. *Cf. Software Design*, 49 Cal. App. 4th at 482 (finding "the circumstances surrounding the opening of the accounts were not so suspicious as to trigger a duty to investigate the phony partnership for the benefit of strangers," which implicitly acknowledges some circumstances could give rise to such a duty).

Here, Attisha Enterprises generally alleges that Capital One has internal procedures that require certain documents be produced to prove identity when opening an account. Compl., ECF No. 1-2, ¶ 6. It further alleges "Capital One allowed Defendants Does 1 to 25 to open an account in the name of 'TICOR Title Company of California' . . . [despite having] actual knowledge that the person or entity opening this account was not in fact the entity known as 'TICOR Title Company of California.'" *Id*. at ¶ 8. However, the Complaint contains no allegations about what circumstances were suspicious such that a duty to investigate may have been triggered. It also contains no allegations about what the alleged internal procedures were or what they require.

The failure to allege facts supporting suspicious circumstances places the claim within the general set of cases findings banks do not owe a duty of care to noncustomers. *See Software Design*, 49 Cal. App. 4th at 479. Without those allegations of suspicious circumstances, no duty can arise. Accordingly, as pleaded, this allegedly negligent act is insufficient to survive the motion to dismiss. However, Attisha Enterprises is granted

leave to amend.  *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires").

## 2. Negligent Acceptance of Wire Transfer

Attisha Enterprises also alleges Capital One negligently accepted and deposited its funds transfer in an account not held in TICOR's name.  Compl., ECF No. 1-2, ¶ 16 ("Capital One negligently accepted, deposited Plaintiff's wire [t]ransfer to Capital One account number 1361414587 in the sum of $100,000.00, which account was not in TICOR's name").  Capital One again argues this claim is displaced by the California Commercial Code.  Mot., ECF No. 7, 4-7.

As discussed above, "[t]he California Uniform Commercial Code does not automatically displace all other legal principles." *Zengen, Inc.*, 41 Cal. 4th at 251. However, where a particular provision of the code displaces a common law cause of action, "it applies to the exclusion of other legal principles giving rise to other causes of action." *Id*.

"[D]ivision 11 of the California [Uniform Commercial] Code applies to 'funds transferred [as] defined in Section 11104.'" *Id*.  Section 11104 defines "funds transfer" as "the series of transactions, beginning with the originator's payment order, made for the purpose of making payment to the beneficiary of the order."  Cal. Com. Code § 11104(a). The Parties do not dispute that the wire transfer here is a funds transfer within the meaning of the statute.  Mot., ECF No. 7, 7; Opp'n, ECF No. 8, 5; *see also Sliders Trading Co. L.L.C. v. Wells Fargo Bank NA*, Case No. 17-CV-04930-LB, 2017 WL 6539843, at *6 (N.D. Cal. Dec. 21, 2017) (finding that a similar wire transfer was also a funds transfer within the meaning of Cal. Com. Code § 11104).

On occasion, and as alleged here, a wire transfer is sent to the wrong beneficiary. These situations are governed by California Commercial Code Section 11207, which provides that in general, a bank cannot accept a wire transfer order if "the name, bank account number, or other identification of the beneficiary refers to a nonexistent or unidentifiable person or account."  Cal. Com. Code § 11207(a).  The consequences for

failure to abide by this provision are set forth in Section 11201 et seq., defining the "respective rights, duties, and liabilities of the parties upon the issuance and acceptance of a payment order [constituting a funds transfer]." *Zengen, Inc.*, 41 Cal. 4th at 254 (citations omitted). Capital One argues the Complaint, as pleaded, imposes a duty of ordinary care that is not the same as the duty imposed on Capital One by Section 11207. Mot., ECF No. 7, 9-10.

The Court agrees, and an example illustrates the issue. Attisha Enterprises' negligence claim alleges Capital One owed "a *duty of ordinary care* to refuse to allow wire transfers naming as the true beneficiary TICOR to be transferred into an account held by a person or entity that was not TICOR." Compl., ECF No. 1-2, 5, ¶ 15 (emphasis added). This misstates Capital One's obligations under Section 11207. Instead, Section 11207 states that Capital One would be liable if it "knew" the account name and number refer to different persons. Cal. Com. Code § 11207(b)(1). There is no requirement Capital One exercise "ordinary care" in making this determination. *Id*. Attisha Enterprises implicitly recognizes this in its Opposition, arguing the Commercial Code allows for a statutory claim of negligence under the facts alleged. ECF No. 8, 6. However, the statutory claim available is not a common law negligence claim, and it "is axiomatic that the complaint may not be amended by the briefs." *Doe v. Wolf*, 432 F. Supp. 3d 1200, 1215 (S.D. Cal. 2020).

Given that the wire transfer alleged here was a funds transfer within the meaning of the California Commercial Code, which sets forth duties, allocation of risk, and remedies that displace common law causes of action in the circumstances applicable here, Attisha Enterprises' common law claim alleging Capital One negligently allowed the wire transfer is dismissed. Again, Attisha Enterprises is granted leave to amend.

### 3. Negligent Release of Funds

Attisha Enterprises' final negligence theory alleges Capital One negligently released the transferred funds to the account holder, even though that account holder is

1 not TICOR. Compl., ECF No. 6, ¶ 16. Capital One again argues this claim is displaced by the California Commercial Code. Mot., ECF No. 7, 4-7.

The same analysis applicable to Capital One's allegedly negligent acceptance of the wire transfer applies to its allegedly negligent release of those funds. Because this negligent act directly involves a funds transfer, the claim must arise under division 11 of the California Commercial Code, not common law negligence. *See BITH, LLC v. Downey Sav. and Loan Ass'n, F.A.*, 2010 WL 3404711, at *7 (Cal. Ct. App. Aug. 31, 2010).[3] Accordingly, Attisha Enterprises may "prepare and file a new [claim] predicated on division 11, specifically section 11207." *Id*.

### B.  Conversion

Attisha Enterprises' second claim alleges conversion. Compl., ECF No. 1-2, ¶¶ 20-25. Attisha Enterprises alleges Capital One and the unknown Defendants acquired possession of approximately $100,000.00 belonging to Attisha Enterprises and refuse to return it. *Id*. at ¶ 22. Capital One and the unknown Defendants allegedly acquired the money through the funds transfer detailed above. *Id*.

Capital One argues Attisha Enterprises' conversion claim must likewise be dismissed because *as applied to Capital One*, it is displaced by the California Commercial Code. Mot., ECF No. 7, 13-14. Once again, the Court agrees.

Here, the gravamen of Attisha Enterprises' conversion claim against Capital One is that it should not have accepted and deposited the wire transfer in the numbered account. Compl., ECF No. 1-2, ¶¶ 15-16. Attisha Enterprises further alleged that once it notified Capital One of the fraudulent wire instructions, Capital One was obligated to return the funds and did not do so. *Id*. at ¶ 22. As with the acceptance of the wire transfer and

---

[3] The Court notes that *BITH, LLC,* is an unpublished decision of the California Court of Appeal, but it can cite such cases as persuasive authority. *See Nunez by Nunez v. City of San Diego*, 114 F.3d 935, 942 n.4 (9th Cir. 1997). The Court does so here because the facts in *BITH, LLC* describe the deficiency of a negligence claim involving a funds transfer and the appropriate claim to plead under the California Commercial Code.

release of funds discussed above, Capital One's obligations rise and fall with the California Commercial Code. A common law conversion may have occurred, but not by Capital One.

Accordingly, the conversion claim is dismissed as to Capital One.

### C.   Money Had and Received

Attisha Enterprises' third claim alleges money had and received, another common law claim. Capital One argues the money had and received claim suffers from the same factual deficiency as the conversion claim and is a common count of the previous claims. For the reasons set forth above analyzing conversion, the Court agrees Attisha Enterprises' money had and received claim against Capital One is displaced by the California Commercial Code.

Accordingly, the money had and received claim is dismissed as to Capital One.

## IV.   CONCLUSION

Defendant's Motion to Dismiss is **granted without prejudice**. Plaintiff may file an amended complaint within 14 days of this order. Plaintiff may not add other parties without seeking leave from this Court.

**IT IS SO ORDERED.**

Date: December 7, 2020

_____
HON. ROGER T. BENITEZ
United States District Judge