

1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

10  ATTISHA ENTERPRISES, INC., a
     corporation,
11
                                      Plaintiff,
12
     v.
13
     CAPITAL ONE, N.A.,
14
                                      Defendant.
15

Case No.:  3:20-cv-01366-BEN-RBB

**ORDER DENYING MOTION TO DISMISS**

**[ECF No. 13]**

16      This matter comes before the Court on Defendant Capital One, N.A.'s ("Capital

17  One") Motion to Dismiss the First Amended Complaint ("FAC") filed by Plaintiff

18  Attisha Enterprises, Inc. ("Attisha Enterprises").  As set forth below, the Motion to

19  Dismiss is **DENIED**.

20  **I.    BACKGROUND[1]**

21      On December 7, 2020, the Court issued an Order granting Capital One's Motion to

22  Dismiss Attisha Enterprises' Complaint.  *See* ECF No. 11.  However, the Court granted

23  Attisha Enterprises leave to amend its Complaint, and Attisha Enterprises filed its FAC

24  on December 21, 2020.  ECF No. 12.  The FAC brings only two claims against Capital

25

26

27  [1]    The following overview of the facts is drawn from the FAC, ECF No. 12, which
     the Court assumes true in analyzing Capital One's Motion to Dismiss.  *Erickson v.*
28  *Pardus*, 551 U.S. 89, 94 (2007).  The Court is not making factual findings.

1

1   One: (1) negligence and (2) violation of California Commercial Code section 11207

2   ("Section 11207").

3       Attisha Enterprises' allegations stem from an incident of wire fraud.  On or about

4   May 14, 2018, Attisha Enterprises entered into a purchase agreement to buy the

5   Sweetwater 24/7 Convenience Store and Chevron Gas Station.  FAC, ECF No. 12, ¶ 9.

6   The parties to the purchase agreement opened escrow with TICOR Title Company of

7   California ("TICOR").  *Id.*  As part of the purchase agreement, Attisha Enterprises was to

8   deposit $100,000.00 to be held in escrow by TICOR.  *Id.* at ¶ 10.

9       On September 27, 2018, Attisha Enterprises received fraudulent wire instructions

10  from the unnamed Defendants,[2] who were fraudsters using the name TICOR Title

11  Company of California and a Capital One account number.  FAC, ECF No. 12, ¶ 10.

12  Attisha Enterprises caused $100,000.00 to be wired from its account to the fraudsters'

13  account at Capital One because it did not know these instructions were fraudulent and not

14  from TICOR.  *Id.* at ¶ 11.  Capital One accepted the wire transfer.  *Id.* at ¶ 12.

15      Attisha Enterprises alleges that Capital One negligently ignored its internal

16  procedures and allowed the fraudsters to open an account in TICOR's name.  FAC, ECF

17  No. 12, ¶ 15.  Capital One requires new customers to provide certain true identity

18  documents when opening an account.  *Id.* at ¶ 6.  Nonetheless, Capital One did not follow

19  those procedures and allowed someone unaffiliated with TICOR to open an account in its

20  name.  *Id.* at ¶ 8.  Accordingly, Capital One had "actual knowledge" the account holders

21  were not in fact TICOR but nonetheless allowed the account to be created.  *Id.*

22      Attisha Enterprises further alleges that Capital One violated Section 11207 by

23  paying someone other than TICOR the funds from Attisha Enterprises' wire transfer

24  _____

25  [2]   The Court previously cautioned Attisha Enterprises that it would dismiss the Doe

26  Defendants without prejudice if they were not served by January 7, 2021.  *See* Order,
ECF No. 11 (citing *Keavney v. Cty. of San Diego*, No. 19-cv-1947-AJB-BGS, 2020 WL

27  4192286, at *4-5 (S.D. Cal. Jul. 21, 2020)).  As of the date of this Order, the docket does
not reflect the Doe defendants have been served.  Accordingly, the Doe defendants are

28  dismissed without prejudice.

3:20-cv-01366-BEN-RBB

1  when Capital One had actual knowledge the account holder was not in fact TICOR.

2  FAC, ECF No. 12, ¶¶ 20-21.

3  **II.    LEGAL STANDARD**

4         A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal

5  theory or absence of sufficient alleged facts under a cognizable legal theory. *Johnson v.*

6  *Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008); *Navarro v. Block*, 250

7  F.3d 729, 732 (9th Cir. 2001).  When considering a Rule 12(b)(6) motion, the Court

8  "accept[s] as true facts alleged and draw[s] inferences from them in the light most

9  favorable to the plaintiff." *Stacy v. Rederite Otto Danielsen*, 609 F.3d 1033, 1035 (9th

10 Cir. 2010).  A plaintiff must not merely allege conceivably unlawful conduct but must

11 allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp.*

12 *v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim is facially plausible 'when the plaintiff

13 pleads factual content that allows the court to draw the reasonable inference that the

14 defendant is liable for the misconduct alleged.'" *Zixiang Li v. Kerry*, 710 F.3d 995, 999

15 (9th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

16 **III.   ANALYSIS**

17        In its FAC, Attisha Enterprises alleges one claim for negligence and another for

18 violation of Section 11207.

19        **A.    Negligence**

20        Attisha Enterprises' first claim alleges Capital One negligently allowed an entity

21 that was not TICOR to open an account in TICOR's name.  FAC, ECF No. 12, ¶ 16.

22 Attisha Enterprises alleges this conduct violated both Capital One's internal procedures

23 and 31 C.F.R. § 1020.220. *Id.*

24        In California, the elements of a negligence claim are (1) the existence of a duty to

25 exercise due care; (2) breach of that duty; (3) causation; and (4) damage. *See, e.g.,*

26 *Merrill v. Navegar, Inc.*, 26 Cal. 4th 465, 500 (Cal. 2000).  Capital One argues it does not

27 owe a duty of care to non-customers under these circumstances because Attisha

28 Enterprises has failed to allege any facts that should have raised Capital One's suspicions

3

1    about the validity of the account.  Mot., ECF No. 13, 5.

2         The Court has addressed this claim before but reaches a different conclusion here

3    based on Attisha Enterprises' revised pleadings.  In ruling on Capital One's prior Motion

4    to Dismiss, the Court recognized that in California, banks may owe a fiduciary duty of

5    care to a noncustomer in "extraordinary and specific situations." *Software Design &*

6    *Application, Ltd. v. Hoefer & Arnett, Inc.*, 49 Cal. App. 4th 472, 479 (Cal. Ct. App.

7    1996).  "If the circumstances surrounding the opening of the accounts were suspicious

8    [so] as to trigger a duty to investigate a potentially phony account, such a duty to

9    investigate a suspicious account opening may arise."  Order, ECF No. 11, 6.  Moreover,

10   "this general proposition of non-liability [articulated in *Software Design*] is far from a *per*

11   *se* rule." *Bear Stearns and Co. v. Buehler*, 23 Fed. App'x 773, 776 (9th Cir. 2001).

12        Here, Attisha Enterprises alleges that based on Capital One's internal procedures

13   for opening an account, "Capital One had actual knowledge that the person or entity

14   opening this account was in fact not the entity known as 'TICOR Title Company of

15   California.'"  FAC, ECF No. 12, ¶ 8.  In support of this allegation, Attisha Enterprises

16   argues that Capital One requires a person opening an account to provide specific

17   documentation to verify the person's relationship to the accountholder, and in this case

18   Capital One nonetheless negligently allowed another entity to open an account in

19   TICOR's name, despite not having provided the requisite documentation.  *Id.* at ¶¶ 8, 15.

20        While Capital One argues these allegations are conclusory and should be

21   disregarded, the Court disagrees.  "The plausibility standard is not akin to a 'probability

22   requirement.'"  *Iqbal*, 556 U.S. at 678 (citations omitted).  Viewing the allegations in the

23   light most favorable to Attisha Enterprises, the Court finds the FAC plausibly alleges one

24   of the "extraordinary and specific" situations that would give rise to a bank's duty of care

25   to a non-customer.  *Software Design*, 49 Cal. App. 4th at 479.  This is not to say the case

26   is decided, merely that Attisha Enterprises has plausibly alleged Capital One did not

27   follow appropriate procedures for opening this account, which led to Attisha Enterprise's

28   subsequent injury.  Attisha Enterprises maintains the burden of proving Capital One had

4

1    "actual knowledge" the fraudster's account did not belong to TICOR, but the FAC

2    plausibly alleges this claim.  Accordingly, Capital One's Motion to Dismiss the

3    negligence claim is denied.

4          **B.     Violation of Section 11207**

5          Attisha Enterprises' second claim alleges Capital One violated Section 11207.

6    FAC, ECF No. 12, ¶¶ 19-23.  Capital One argues this claim fails as a matter of law

7    because it did not have actual knowledge the account holder was not, in fact, TICOR.

8    Mot., ECF No. 13, 10.  Capital One also argues the allegations within the claim are

9    inconsistent. *Id*. at 11.

10         Federal Rule of Civil Procedure 8 "allows parties to plead inconsistent factual

11   allegations in the alternative." *Wi-LAN Inc. v. LG Electronics, Inc.*, 382 F. Supp. 3d

12   1012, 1023 (S.D. Cal. 2019).  Here, Attisha Enterprises notes the inconsistency and

13   argues the claims are pleaded on alternative theories of liability.  Opp'n, ECF No. 14, 11.

14   Accordingly, this argument does not serve as a basis for granting the Motion to Dismiss.

15         The Court has also already addressed Capital One's argument that Attisha

16   Enterprises' has not plausibly pleaded it had "actual knowledge" the fraudsters' here

17   were not affiliated with TICOR.  The Court concluded that the allegations plausibly

18   allege Capital One had actual knowledge, and if Capital One had actual knowledge the

19   fraudsters were not TICOR, Section 11207 prohibits Capital One from wrongfully

20   accepting and paying the wire transfer.  Cal. Comm. Code § 11207(a).  Having found that

21   the FAC plausibly alleges a theory of recovery, the Motion to Dismiss the Section 11207

22   claim is denied.

23   **IV.   CONCLUSION**

24         Defendant's Motion to Dismiss is **DENIED.**

25         **IT IS SO ORDERED.**

26   Dated: February /2/2021

27                                                  HON. ROGER T. BENITEZ
                                                    United States District Judge
28

5